UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINETTE P. JONES,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA *et al*.,

    *Defendants*.

Civil Action No. 19-985 (TJK)

## **MEMORANDUM OPINION**

Plaintiff Antoinette Jones, proceeding *pro se* and *in forma pauperis*, brought this action in April 2019 challenging the District of Columbia's civil forfeiture practices. ECF No. 1. In accordance with Local Civil Rule 5.1, Plaintiff included her address in the caption on her complaint. LCvR 5.1(c)(1). On May 8, 2019, the Clerk of the Court noted that mail sent to the address Plaintiff listed was returned as undeliverable. ECF No. 5.

On July 1, 2019, Defendant filed a motion to dismiss the complaint, or, in the alternative, for summary judgment. ECF No. 11. Several days later, the Court issued an order advising Plaintiff of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion. ECF No. 13 ("*Fox* Order"). The Court warned Plaintiff that if she did not respond to the motion by August 8, 2019, the Court could treat the motion as conceded. *Id.* The Clerk of the Court mailed copies of the motion and the *Fox* Order to the captioned address as well as a second address located on documents attached to the complaint; both mailings were returned as undeliverable. ECF Nos. 14, 15.

Over two months later, Plaintiff has failed to file an opposition to Defendant's motion or to request additional time to do so, and it seems evident she has failed to comply with her

obligation under the local rules of this Court to keep her address of record updated. LCvR 5.1(c)(1) ("Notice of a change in address or telephone number of . . . a party not represented by an attorney must be filed within 14 days of the change."). And there is no reason to believe she would receive any further orders issued by the Court because mail sent to her address of record has been returned as undeliverable on several occasions.

"The law is clear that '[d]istrict courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order.'" *Angellino v. Royal Family Al–Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson v. Archstone Cmties. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing LCvR 83.23)). Accordingly, the Court will, in a separate order, dismiss this case without prejudice for want of prosecution.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 16, 2019